UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
NICOLAS GALEANA JUAREZ, ET AL., *on*                        :
*behalf of himself and all others similarly situated*       :
        Plaintiff  :  20 Civ. 4437 (LGS)
                                                            :
    -against-                           :  <u>ORDER</u>
                                                            :
ROY AROY 153 INC., ET AL.,                                  :
        Defendants. X
------------------------------------------------------------

LORNA G. SCHOFIELD, District Judge:

  WHEREAS, the initial pretrial conference in this matter is scheduled for August 13, 2020;

  WHEREAS, no significant issues were raised in the parties' joint letter or proposed case management plan ("CMP") (ECF 21).  It is hereby;

  **ORDERED** that the August 13, 2020, initial pretrial conference is **cancelled**.  If the parties believe that a conference would nevertheless be useful, they should inform the court immediately so the conference can be reinstated.  The CMP will issue in a separate order.  The parties' attention is particularly directed to the provisions for periodic status letters, and the need for a pre-motion letter to avoid cancellation of the final conference and setting of a trial date.  It is further

  **ORDERED** that if Defendants seek to file a motion to dismiss, they shall file a pre-motion letter pursuant to Individual Rules III.A.1 and III.C.2.  It is further

  **ORDERED** that, given the lenient standard for conditional certification, *see Varghese v. JP Morgan Chase & Co.*, Nos. 14 Civ. 1718, 15 Civ. 3023, 2016 WL 4718413, at *5 (S.D.N.Y. Sept. 9, 2016) ("Plaintiff's burden is minimal because the determination that the parties are similarly situated is merely a preliminary one . . . ." (quoting *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006))), if Plaintiff intends to pursue preliminary collective

certification, the parties are directed to meet and confer regarding the possibility of stipulating to conditional certification and the form of notice, reserving all of Defendants' rights to object to any final certification under the more rigorous standard that applies at that stage.

**ORDERED** that the parties shall by **September 11, 2020**, file a joint letter on ECF stating whether Plaintiff intends to pursue preliminary collective certification and whether Defendants will stipulate to the certification without prejudice to challenge any final certification. If Plaintiff intends to pursue preliminary collective certification and Defendants oppose, the parties shall include a joint briefing schedule for a motion for conditional certification in the joint letter.  It is further

**ORDERED** that, regarding settlement discussions, if and when the parties are ready to proceed with a settlement conference with the assigned Magistrate Judge, they shall file a joint letter on ECF requesting a referral.

The parties should be aware that the Court does not extend the deadlines for fact discovery absent compelling circumstances, and that the use of any alternative dispute resolution mechanism does not stay or modify any date in the CMP.

Dated: August 11, 2020
      New York, New York

                                                **LORNA G. SCHOFIELD**
                                              **UNITED STATES DISTRICT JUDGE**